CHRISTOPHER S. MISHLER, ESQ. (14402)
BROWN MISHLER, PLLC
330 E. Charleston Blvd., Suite 100
Las Vegas, NV 89104
(702) 816-2200
CMishler@BrownMishler.com
*Attorney for Devarian Haynes*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO.: 2:20-mj-00464-BNW |
| Plaintiff, | **RESPONSE TO MOTION FOR REVOCATION OF DEFENDANT HAYNES RELEASE ORDER**[1] |
| vs. | |
| DEVARIAN HAYNES | |
| Defendant. | |

COMES NOW, the Defendant, DEVARIAN HAYNES, by and through his Attorney, CHRISTOPHER S. MISHLER, Esq., and hereby responds to the government's Motion for Revocation of Magistrate Judge Weksler's Release Order, pertaining to Mr. Haynes. This Motion is made and based upon the papers and pleadings on file in this matter, the Points and Authorities which follow, and oral argument by counsel hereinafter entertained by this Court at the hearing on said Motion.

///

---

[1] Certification: This brief is timely filed.

Dated this 12th day of June, 2020.

BROWN MISHLER, PLLC

/s/ *Christopher S. Mishler*
CHRISTOPHER S. MISHLER (14402)
330 E. Charleston Blvd., Ste. 100
Las Vegas, Nevada 89104
Tel: (702) 816-2200
Fax: (702) 816-2300
CMishler@BrownMishler.com

## MEMORANDUM OF POINTS AND AUTHORITIES

Mr. Haynes should remain out of custody pending trial subject to the same pre-trial release conditions recommended by Pretrial Services and ordered by Magistrate Judge Weksler. Mr. Haynes is not a danger to the community or a flight risk, and any notional concerns the government asserts are easily addressed with pre-trial release conditions.

### I.   INTRODUCTION

After Mr. Haynes's initial appearance and detention hearing was continued from Friday to Monday because of time constraints,[2] Pretrial

---

[2] On June 5, 2020, Pretrial Service Officer Coughlin ran out of time to interview Mr. Haynes before the scheduled initial appearance and detention hearing set for that afternoon. Counsel attempted to proceed with that hearing, but ultimately was forced to continue the hearing to June 8, 2020.

Services was able to interview Mr. Haynes, verify the information he provided, and recommend pretrial release with reasonable conditions. Pretrial's recommendation was presented to Judge Weksler at Mr. Haynes's continued detention hearing on June 8, 2020 along with arguments by the government and Mr. Haynes, after which Magistrate Judge Weksler weighed the evidence and ordered Mr. Haynes released with the conditions recommended by Pretrial Services (the "Order"). The government appealed the Order, essentially reasserting the same arguments made before Judge Weksler.

Those arguments were carefully considered and thoughtfully addressed by Magistrate Judge Weksler, and the government provides no reason or basis for this Court to reach a contrary conclusion. Therefore, the Court should affirm Magistrate Judge Weksler's Order.

## II.   BACKGROUND / FACTS

On June 4, 2020, the government filed a Complaint charging Mr. Haynes with one count of Conspiracy to Commit Arson, under 18 U.S.C. § 844(n), and one count of Arson, under 18 U.S.C. § 844(i). *See* ECF No. 1. These charges are related to an incident that occurred on May 31, 2020, during a police brutality protest in Las Vegas that resulted in an unoccupied LVMPD vehicle being damaged.

Without attempting to justify or excuse the alleged conduct, this

behavior must be viewed in the context of the situation and the historical relationship of certain segments of the community and the police. There have been numerous protests throughout every major city in the United States and the world related to the Black Lives Matter movement, following the brutal death of George Floyd at the hands of police officers in Minneapolis, Minnesota.

Mr. Haynes attended one of these protests in Las Vegas on the night of May 31, 2020 with Mr. Walker and Mr. Denismore. The government alleges in its Complaint that Mr. Haynes was involved with setting an unoccupied LVMPD vehicle on fire, and that the event was recorded by Mr. Denismore. The Complaint also alleges that Mr. Haynes confessed to his involvement following his arrest on June 2, 2020.

Counsel for Mr. Haynes was appointed on June 4, 2020 and was scheduled to have a video conference with Mr. Haynes on June 5, 2020 from Noon until 1 p.m., to allow time to discuss the Complaint with Mr. Haynes, and allow time for Pre-Trial Service Officer Coughlin time to interview Mr. Haynes and verify his information prior to the initial appearance and detention hearing that afternoon. Unfortunately, there was not sufficient time to allow either counsel for Mr. Haynes, or Pretrial Services, to interview Mr. Haynes prior to that initial hearing.

While counsel for Mr. Haynes attempted to proceed with the hearing

late into Friday evening in order to avoid unnecessarily detaining Mr. Haynes over the weekend, ultimately without a Pretrial Services interview it proved impossible to verify information necessary to intelligently make a determination on whether to release Mr. Haynes, and the hearing was continued to Monday June 8, 2020. This continuance allowed time for Pretrial Services to conduct their interview, verify the information, and ultimately recommend Mr. Haynes release with conditions which would reasonably assure the safety of the community and his appearance in Court.

At the continued hearing date, following lengthy arguments from the government and counsel for Mr. Haynes, Magistrate Judge Weksler made detailed findings and ordered Mr. Haynes Release. These findings addressed the government's *new* position on detention—that this *was* a presumptive detention case under 18 U.S.C. § 31242 (e)(3)(C). At the first detention hearing only three days earlier, the government had not asserted a presumptive detention theory, but rather argued that under 18 U.S.C. 3142(f)(1)(A), (f)(1)(E), and (f)(2)(A) Mr. Haynes should be detained based on purported dangerousness and risk of non-appearance.

Magistrate Judge Weksler agreed with the government's new argument, finding this was a presumptive detention case and Mr. Haynes thus had the burden of showing conditions could be fashioned to mitigate the risks of flight and community danger. Ultimately, Magistrate Judge Weksler

found Mr. Haynes satisfied this burden, thus rebutting the presumption of detention, and that the government failed to meet its resulting burden of persuasion to show the conditions were not sufficient to reasonably assure Mr. Haynes' appearance and community safety.

### III. ARGUMENT

The Bail Reform Act of 1984 is designed as a framework for judges to determine whether a particular defendant poses a risk of flight or a danger to the community. The Act "requires the release of a person facing trial under the least restrictive condition or combination of conditions that will reasonably assure the appearance of the person as required and the safety of the community." *U.S. v. Gerbo*, 948 F.2d 1118, 1121 (9th Cir. 1991).

Arson, the crime alleged in this case, carries a presumption of detention. *See* 18 U.S.C. § 31242 (e)(3)(C). While this presumption shifts the burden of production to the defendant to rebut the presumption, the burden of persuasion stays with the government. *See U.S. v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008). The defendant may meet his burden of production by introducing evidence that he is neither a danger to the community nor a flight risk; this burden is not a heavy one to meet. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). Indeed, the presumption can be rebutted by "any evidence favorable to a defendant that comes within a category listed in § 3142(g) . . . including evidence of their marital, family,

and employment status, ties to and role in the community, clean criminal record and other types of evidence encompassed in 3142(g)(2)." *Id.*

When the defendant proffers evidence to rebut the presumption, the presumption is not erased but remains as an evidentiary finding against release, to be weighed with other evidence presented related to § 3142(g) factors. *Hir,* 517 F.3d at 1086.

### a. Nature and Circumstances of Offense Charged

While acknowledging the serious and dangerous nature of the charged crime, Mr. Haynes' alleged actions must be viewed contextually. The alleged incident was embedded within the weeks of protests over the killing of George Floyd, and police brutality generally, in response to which police have responded with unilateral violence and unprovoked force against groups of non-violent protesters—essentially proving the point of protests that embody community outrage over decades of mistreatment by police, as well as systemic inequalities.

This is not to say of course that the alleged incident is a legitimate form of protest, but only that it must be viewed in light of surrounding events and circumstances. Also, it's worth noting (again without diminishing the seriousness of the incident) that no one was injured, nor was anyone likely to be injured since the videos produced by the government show the LVMPD car was not in the midst of a large group of protesters. Meanwhile, Mr. Haynes

has no prior felony arrests, much less any charges involving arson.

All of this points to one inescapable conclusion: Mr. Haynes poses no danger whatsoever to the community and finds himself before the Court because on an unprecedented confluence of circumstances, including the unique moment the country is experiencing in response to George Floyd's death. To the extent a notional danger exists, there are conditions of release this Court can impose that would reasonably assure the safety of the community, such as prohibiting Mr. Haynes from attending protests for a reasonable period of time.

The government's flight-risk argument—that the mandatory minimum sentence of five years creates a flight risk since Mr. Haynes has never faced a sentence this high—is premised on a constitutionally repugnant presumption of guilt and conviction. Therefore, while this is a factor that the Court should consider, it favors allowing Mr. Haynes to remain on pre-trial release pending his trial.

### b. Weight of the Evidence

The government argues that the weight of the evidence in this case is "overwhelming" including video and a confession, which should result in Mr. Haynes's detention. This is both the government's most persuasive argument and, simultaneously, the *least* important of the factors to be considered. *See U.S. v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985). This is because the

Bail Reform Act does not permit the pretrial determination of a defendant's guilt and using such a determination to impose detention could become a punishment, rather than reasonably assuring the safety of the community and the appearance of the defendant, which is the purpose of the statute. *See id.*

### c. History and Characteristics of the Defendant

This Court may consider "the history and characteristics of the person, including his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug and alcohol abuse, criminal history, and record concerning appearance at court proceedings." *U.S. v. Motamedi*, 767 F.2d 1403, 1408 (9th Cir. 1985).

The supplemental report from Pretrial Services indicates that these factors weigh in favor of his remaining on pre-trial release. They recommended very few conditions and, up to this point, Mr. Haynes has followed them all.

The government first argues that Mr. Haynes criminal history indicates detention focusing on three misdemeanor assaults in 2016 and 2017 involving alcohol and argues that his repeated arrests show that his arrest in this case is not going to be a deterrent to a repeat of the conduct alleged in this case. This argument is flawed. The government fails to recognize that

Mr. Haynes has not been arrested for assault since 2017, which shows that he has learned from his mistakes, and that with no prior history of Arson, or arrest for a felony, it is unlikely that Mr. Haynes will commit another similar act while on pre-trial release in this case.

Next, the government argues that the bench warrants in Mr. Haynes 2019 DUI case show a risk that he will fail to appear as required in this case. However, these were issued for failure to show proof of completing the required class, and payment of the imposed fine. Once Mr. Haynes was able to show both completion and payment, the case was successfully concluded. Mr. Haynes has already initiated contact with his Pretrial Services officer and appeared in-person at the status hearing on June 11, 2020 before Magistrate Judge Weksler. This behavior shows that he is taking the necessary and responsible actions which are required of him under his conditions of release and can be relied upon to continue to appear as required in this case.

The government argues that Mr. Haynes wife is not an appropriate third-party custodian due to an arrest for Domestic Violence which was reduced to disturbing the peace. However, Pretrial Services did not ask for a third-party custodian, Magistrate Judge Weksler did not order one for Mr. Haynes, and the government is not even asking that one be appointed as an additional condition. Both Mr. Haynes and his wife confirmed to Pretrial

Services that the incident in question was an argument and that no violence occurred.

This is substantiated by the reduction to disturbing the peace. In addition, both Mr. Haynes and his wife have confirmed that there have been no further incidents since that arrest. In the event this Court determines that Mr. Haynes should have a third-party custodian as a condition of his release, and determines that his wife is not appropriate, there are other parties who would be willing to act as a third-party custodian for Mr. Haynes. His wife's aunt and grandmother have indicated their willingness, as have his mother and father, both of whom reside in Houston, TX.

It is clear that Mr. Haynes has strong family ties as evidenced both by the willingness of all the above persons to act as a third-party custodian if required, but also their willingness to financially support him if required. Mr. Haynes father made the statement that if his son failed to appear, the Court would not even have to track him down, rather his father would find him and bring him in. It is clear that he has a strong family support system in place, both here in Las Vegas, and in Houston. He plans to also provide childcare for his young son during the times his wife is at work as an activated Army National Guard servicemember, alleviating some of the financial strain of childcare. These family ties strongly indicate Mr. Haynes should remain on pre-trial release.

The government argues that Mr. Haynes poses a danger to the community due to his mental health and substance abuse problems. Pretrial Services considered those issues and determined that a condition, or conditions could be imposed to address those concerns, specifically that Mr. Haynes enter treatment for his mental health and substance abuse issues. Mr. Haynes has already contacted his Pretrial Services officer and is eager to register for and begin this treatment, as he acknowledges the problems they pose. Pretrial Services has referred Mr. Haynes for an initial evaluation for substance abuse and mental health. The government is concerned that in the past Mr. Haynes has not continued with treatment, however, that prior treatment was voluntary, while this treatment is a condition of his release and Mr. Haynes knows if he fails to continue treatment he will be detained. Unless Mr. Haynes fails to follow through with the ordered treatment, he is in compliance with the conditions of his release, and this should address the Court's concerns in this area.

The government raises the concern that Mr. Haynes does not plan to return to *any* sort of employment, but this is a mischaracterization of his statements and the Pretrial Service report. While Mr. Haynes did state that he did not plan to return to the *telemarking* job he had prior to the COVID-19 outbreak and subsequent shutdown, he did state that he planned to find employment now that the shutdown is beginning to lift, and wanted to locate

a security position or pursue schooling to secure a CDL. This shows that he wants employment, just that he wants a better job than the one he had before the shutdown. This is understandable to anyone who has ever had a telemarketing job. In addition, looking for and maintaining employment is a condition of his release, if he fails to do so he knows that he faces detention.

### d. Nature and Seriousness of Danger to Community if Defendant remains on Release

The government argues that the serious nature of the charged offense makes it likely that Mr. Haynes would pose an ongoing risk to the community if he remains on release. They again rely upon the facts of the case to show escalating behavior which ultimately led to the charged offense. However, any danger to the community is speculative and unlikely, considering Mr. Haynes arrest, and knowledge of the punishment he is exposed to. Instead, it is much more likely that Mr. Haynes will do everything he can to abide by his imposed conditions of release and will not pose a danger to the community.

Mr. Haynes has not engaged in similar conduct in the past and he has no plans to participate in any further protests, which lessens the likelihood that he would pose an ongoing risk to the public if allowed to remain on pre-trial release.

### IV. CONCLUSION

The government feels that Mr. Haynes is a serious risk of flight and an ongoing danger to the community. This is contradicted by the Pretrial

Services supplemental report which recommended his release and found conditions which could reasonably assure his appearance in this case and the safety of the community. Mr. Haynes was released with those conditions, he has not violated any of his conditions and already appeared at a hearing following his release, which should address the Court's concerns.

Mr. Haynes should be allowed to remain on pre-trial release with the conditions already in place.

Dated June 12, 2020.                    Respectfully Submitted,

BROWN MISHLER, PLLC

/s/ *Christopher S. Mishler*
CHRISTOPHER S. MISHLER (14402)
330 E. Charleston Blvd., Ste. 100
Las Vegas, Nevada 89104
Tel: (702) 816-2200
Fax: (702) 816-2300
CMishler@BrownMishler.com

# CERTIFICATE OF SERVICE

I hereby certify that I am an employee of BROWN MISHLER, PLLC, and that on June 12, 2020, I served the foregoing **RESPONSE TO MOTION FOR REVOCATION OF DEFENDANT HAYNES RELEASE ORDER** via the U.S. District Court CM/ECF system to the parties on the Electronic Filing system in this action.

By: /s/ *Christopher Mishler*
    An employee of
    BROWN MISHLER, PLLC