CHRISTOPHER CHIOU
Acting United States Attorney
District of Nevada
Nevada Bar Number: 14853
STEPHANIE IHLER
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT<br>District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, ) | | Case No. 2:20-cr-00126-APG-VCF-2 |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | PETITION FOR ACTION |
| ) | | ON CONDITIONS OF |
| DEVARIAN HAYNES ) | | <u>PRETRIAL RELEASE</u> |
| Defendant ) | | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by <u>Alicia Shiveley</u>, U. S. Pretrial Services Officer. I have reviewed that Petition and believe there is sufficient credible evidence which can be presented to the Court to prove the conduct alleged, and I concur in the recommended action requested of the Court.

Dated this 10th day of November, 2021.

CHRISTOPHER CHIOU<br>
Acting United States Attorney<br><br>
By   <u>/S/</u>                     .<br>
STEPHANIE IHLER<br>
Assistant U. S. Attorney

PS 8
(Revised 12/04)

**UNITED STATES DISTRICT COURT**
**for the**
**DISTRICT OF NEVADA**

U.S.A. vs. DEVARIAN HAYNES                         Docket No: 2:20-CR-00126-APG-VCF-2

Petition for Action on Conditions of Pretrial Release

COMES NOW ALICIA SHIVELEY, U.S. PRETRIAL SERVICES OFFICER, presenting an official report upon the conduct of defendant Devarian Haynes. The defendant initially appeared on June 5, 2020, before U.S. Magistrate Judge Brenda Weksler. That hearing was continued to June 8, 2020, and the defendant was ordered released on a personal recognizance bond with the following conditions of release:

1. The defendant shall report to U.S. Pretrial Services for supervision.
2. The defendant shall maintain residence at his current and may not move prior to obtaining permission from the Court, Pretrial Services or the supervising officer.
3. The defendant shall maintain or actively seek lawful and verifiable employment and notify Pretrial Services or the supervising officer prior to any change.
4. The defendant shall avoid all contact directly or indirectly with co-defendant(s) unless it is in the presence of counsel.
5. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
6. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes Marijuana and/or any item containing THC.
7. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
8. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
9. The defendant shall participate in a program of inpatient or outpatient substance use therapy and counseling if Pretrial Services or the supervising officer considers it advisable.
10. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
11. The defendant shall participate in mental health treatment as directed by Pretrial Services or the supervising officer.

12. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
13. Report via telephone any instance of COVID-19 symptoms, exposure, and/or quarantine immediately to the supervising officer.
14. Comply with the directives of medical, public health, and government officials with respect to a quarantine and/or stay-at-home order.

On August 24, 2021, the defendant made his initial appearance on violation petition in the Southern District of Texas before U.S. Magistrate Judge Peter Bray. On that date, the defendant was released on the previous conditions of release, and the following conditions were added:

1. Home Incarceration. You are restricted to your residence at all times except for medical needs or treatment, and court appearances pre-approved by the Pretrial Services Office or supervising officer.
2. Submit to Active Global Positioning Satellite (GPS) monitoring (including hybrid (Active/Passive) GPS) and abide by all of the program requirements and instructions provided by the Pretrial Services Office or supervising officer related to the proper operation of the technology.
3. All visitors or any person the defendant sees must be pre-approved by Pretrial Services.
4. A responsible adult pre-approved by Pretrial Services must travel with defendant to Nevada.

The defendant made his initial appearance regarding Revocation of Pretrial Release before U.S. Magistrate Judge Nancy J. Koppe on September 8, 2021. At that hearing, Judge Koppe noted that the defendant would remain released on the conditions noted by Judge Bray in the Southern District of Texas and the following conditions pending his revocation hearing:

1. Defendant will remain on Pretrial Services supervision.
2. Defendant must stay at least one hundred (100) yards away from Angelica Chambers.
3. Defendant must have no contact, directly or indirectly, with Angelica Chambers, her residence, and/or her place of employment.

Mr. Haynes appeared before Your Honor on October 4, 2021 for a revocation hearing. At that hearing, the defendant admitted to the violations contained in the petition. Mr. Haynes was released on the conditions previously imposed with the following changes:

1. The condition of house arrest may be revisited in a month and may be modified depending on the defendant's progress.
2. The condition of actively seeking or maintaining verifiable employment is temporarily suspended while the defendant is on house arrest.
3. All conditions previously ordered, including those ordered by The Honorable Judge Koppe and The Honorable Judge Bray, remain in effect.
4. Defendant shall have no contact, directly or indirectly, with Miss Chambers.
5. Once drug testing is reinstated in Texas, Defendant will resume being tested as previously ordered.

**Respectfully presenting petition for action of Court and for cause as follows:**

On October 25, 2021, Mr. Haynes tested positive for marijuana.

**PRAYING THAT THE COURT WILL ORDER THAT A SUMMONS BE ISSUED BASED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE SET TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

| ORDER OF COURT | I declare under penalty of perjury that the information herein is true and correct. |
|---|---|
| Considered and ordered this 10th day of November, 2021 and ordered filed and made a part of the records in the above case. | Executed on this 10th day of November, 2021. |
| | Respectfully Submitted, |
| *[signature]* Honorable Brenda Weksler U.S. Magistrate Judge | *Alicia Shiveley* SPB Alicia Shiveley U.S. Pretrial Service Officer Place: Las Vegas, Nevada |